UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRYANT J. BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6463** |
| **STATE OF LOUISIANA, JUDGE DARRYL DERBIGNY, ATTORNEY DONALD DONNELLY** | **SECTION "J" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2) and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. The Court has determined that these matters can be resolved without an evidentiary hearing.

### I.     Factual and Procedural Background

The plaintiff, Bryant Brown ("Brown"), filed this *pro se* and *in forma pauperis* complaint brought pursuant to 42 U.S.C. § 1983 against the State of Louisiana, Judge Darryl Derbigny, and Attorney Donald Donnelly.  Brown alleges that the defendants violated his due process and constitutional rights in his state criminal proceedings.

Brown claims that he filed a motion for a speedy trial because the State failed to follow the law set forth by the Louisiana Fourth Circuit Court of Appeal.  He further alleges that he filed an

application for writ of habeas corpus which has not been answered. He seeks his immediate release and $1 million in compensatory damages.

**II.     Standards of Review**

Title 28 U.S.C. §§ 1915A and Title 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III. Improper Defendants

#### A. The State of Louisiana

Brown has named the State of Louisiana as a defendant in this action challenging certain matters arising from his state criminal proceedings. The State of Louisiana is immune from suit in this Court and the claims against the State must be dismissed.

The Eleventh Amendment to the United States Constitution forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). An exception to the Eleventh Amendment prohibition exists where the State has expressly waived its sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana has not done so in this case. Furthermore, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

Thus, the plaintiff's claims against the State of Louisiana are barred by the Eleventh Amendment. Because the Eleventh Amendment deprives this Court of jurisdiction over the claims against the State, those claims should be dismissed without prejudice, *see Warnock v. Pecos County, Tex.,* 88 F.3d 341, 343 (5th Cir. 1996), because they are frivolous, fail to state a claim for which relief can be granted, and seek relief against an immune defendant pursuant to 28 U.S.C. § 1915 and § 1915A, and 42 U.S.C. § 1997e.

To the extent Brown intended to sue the Orleans Parish District Attorney assigned to prosecute his case, his claims are no less frivolous. The Supreme Court has recognized that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927). In order to determine whether a government official is absolutely immune from suit, the proper focus should not be the identity of the party claiming the immunity, but rather, his "role in the context of the case." *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). In other words, immunity attaches to particular official functions, not to particular offices. *Forrester*, 484 U.S. at 229; *see also O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends to those acts "intimately associated with the judicial phase of the criminal process" which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Also, among the traditional functions of a prosecutor is the duty to decide which charges to bring and whether to pursue a conviction in court. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

Brown's claims against the State through the District Attorney are intimately associated with the judicial phase of the criminal process. His challenge is to the prosecution of the case itself. The District Attorney is clearly entitled to absolute immunity from suit for his role in prosecuting the charges against Brown. The claims against the assigned District Attorney would also be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b).

### B. Judge Derbigny

Brown has also named Judge Derbigny as a defendant for his role in presiding over his criminal proceedings. The Judge is also immune from suit.

Absolute judicial immunity is a time honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise his authority free from any apprehension as to any personal consequences he or she may face. *See Mireles v. Waco*, 502 U.S. 9, 10 (1991). In a suit seeking damages against a judge, the doctrine of absolute immunity should be considered as a threshold matter. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Judges enjoy absolute judicial immunity for acts performed in judicial proceedings. *Mays*, 97 F.3d at 110-11. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 111 (*quoting Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (further citation omitted)).

In addition, the Federal Courts Improvement Act of 1996 ("FCIA") amended § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983 (2006). Thus, injunctive relief is not available against a judge in his role as a judicial officer individually or in his official capacity. *Guerin v. Higgins*, No. 00-0244, 2001 WL 363486 (2d Cir. Apr. 11, 2001) (unpub.); *Nollet v. Justices of the Trial Court of the Commonwealth of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); *accord Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (the 1996 amendment to § 1983 would limit the relief available from a judge to declaratory relief).

The doctrine of absolute judicial immunity bars Brown's suit for injunctive relief and monetary damages against Judge Derbigny. The claims must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b).

### C. Attorney Donald Donnelly

Brown has also included as a defendant in this § 1983 case his state court attorney, Donald Donnelly. However, he too is not a proper defendant.

Section 1983 imposes liability on any person who violates someone's constitutional rights under color of law. 42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of State Police.*, 491 U.S. 58 (1989). Under § 1983, the plaintiff must prove that a constitutional violation occurred, and that the defendant's actions were taken under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

It is well established that neither a privately retained attorney nor a court appointed attorney is a state actor for purposes of § 1983. *Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993) (citing *Dennis v. Sparks*, 449 U.S. 24 (1980)). Consequently, there can be no liability under § 1983 without some proof of an overt joint action the State or one of its agents and his privately retained attorney, to violate his constitutional rights. *Dennis*, 449 U.S. at 27-28; *Pete*, 8 F.3d at 216-17; *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992). In this case, Brown has not alleged such an overt joint action. *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999); *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir.1991); *Dayse v. Schuldt*, 894 F.2d 170, 173 (5th Cir. 1990).

In fact Brown has failed to allege any action or inaction by his state criminal counsel. For these reasons, the claims against Donnelly should be dismissed as frivolous and for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.

## IV.   Habeas Corpus Relief

As part of his request for relief, Brown seeks to have his immediate release from jail, and under a broad reading, dismissal of the charges against him because he has not received a speedy trial. This relief sounds in the law of habeas corpus. This § 1983 civil rights proceeding is not appropriate for pursuing that type of relief. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g en banc granted and opin. vacated*, 133 F.3d 940 (5th Cir. 1997), *rev'd in part on other grounds and opin. reinstated in relevant part*, 154 F.3d 186, 187 (5th Cir. 1998) (*en banc*); *Hernandez v. Spencer*, 780 F.2d 504, 504 (5th Cir. 1986). Brown should pursue any such relief in a properly filed state criminal motion, state writ application, or federal habeas corpus proceeding, if appropriate.

## V.   Recommendation

It is therefore **RECOMMENDED** that Brown's § 1983 claims against the defendants, the State of Louisiana, Judge Darryl Derbigny, and Donald Donnelly, be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and/or for seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 13th day of January, 2010.

								_____
								**KAREN WELLS ROBY**
								**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.